Withers J.
delivered the opinion of the Court.
The first question proper to be considered in this case, is, whether it is necessary, or should be regarded as material, that the sum of the debt sued for should be stated in a writ in action of debt. In England, the precipe for a writ in debt specifies the sum of the debt, and so does the capias issued thereon, and this appears from the forms of both given by Wentworth in his work on Practice. And though it is true that the ac eliam clause was introduced by the Statute of 13 Charles 2, statute 2, ch. 2, which had in view the protection of defendants from oppression as to bail, and, therefore, required the certainty and true cause of action to be set out, else the party defendant should be discharged on security for the sum of forty pounds, and no more; and although it is true, that here bail is founded in any case, not on the ac eliam clause of the writ, but on affidavit, yet so inveterate and uniform, here and *425 in England, has the usage and practice become, of inserting in the writ in debt the “sum certain” sued for, that we do not feel at liberty now to regard it as unimportant. The action of debt is supposed to be for a sum certain, which an action sounding in damages cannot be, and it may be well to inform the defendant in the writ, when, as in this action, it can be done, of the true sum demanded, to the end that, if he will, he may discharge the demand forthwith, or not contesting it, may acquiesce in the condition of judgment without resistance. Bu t, supposing that the debt ought to be correctly stated in the writ, the further inquiry is, can the variance be regarded as sufficiently grave to warrant a demurrer, or shall it be deemed too frivolous to support that plea? The observation of Mr. Cbitty in his Pleading, yo.L 1, 254, has not escaped us, to wit, that the declaration must correspond not merely with the cause and the form of action in the affidavit, but with the “ac etiam part of the latitat, or other process, for otherwise the defendant will be discharged out of custody on filing common bail.” But the cases referred to as supporting the proposition, disclose this, that the Court will not, upon such variance, set aside the proceedings, upon rule; (see Spalding et al, v. Mure, et al, 6 S. R., 363; and Hole v. Finch. 2 Wilson, 399.) In the last case, it is stated by the Court, that formerly it was the practice to set out the whole original writ in the same roll with the count, and if a variance appeared between the writ and count, advantage might be taken thereof, either by motion in arrest of judgment, writ of error, plea in abatement, or demurrer. But, that afterwards it was determined, that if the defendant would take advantage of a variance between the writ and count, he must demand oyer of the writ and show it to the Court. In the case of Young v. Gray, 1 M’Cord, 211, Judge Nott remarks, that here there is no necessity to crave oyer of the writ for the purpose of exhibiting it to the Court, because it is already in Court, and constitutes a part of the record. It need not be done (he says) for the purpose of discovering the variance, because the plaintiff is bound to furnish him with a true copy when the writ is served. It would seem, therefore, that wheresoever upon oyer of the writ, a party may demur for a variance between that and the *426 declaration, he may have the benefit of that objection in that form, though not, perhaps, on rule or motion to set aside the proceedings. And as we have determined that the variance in this case is not wholly immaterial, it follows (hat the demurrers must be sustained. But a question remains, to wit, whether we shall not permit the party to amend his writ so as to produce conformity between that and the declaration. If we have the power, according to the rules of law, we have every disposition, for there is the least possible merit in the subject matter of the demurrer in this case. We find in the case of Wilson v. Grimke, 2 Brev. Rep., 201, sufficient authority and satisfactory reasons to warrant, the leave to amend in this case. Here the defendant is in Court, he has in the declaration full notice of the cause of action, can pretend to no surprise hereafter, and will sustain no injury in granting to plaintiff the favor which was sought from this Court, in case the question of law should be resolved against him.
It is accordingly ordered, that the motion to reverse the decision below be dismissed; but that the plaintiff, upon payment of all costs, have leave to amend his writ, if he pleases, so as to make the same in the ac eliam clause correspond with the count in his declaration.